[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is based on the alleged medical malpractice of the defendants, Manuel Nunes, M.D., Manuel Nunes, M.D., P.C., and CT Page 5069 Jose Equia, M.D., in their failure to diagnose Venita Benjamin's, the decedent's, cancer.
The plaintiff has filed a motion for summary judgment on the issues raised by the defendant's special defense of statute of limitations.
The superior courts are almost in unanimous agreement that a motion for summary judgment as to a special defense is improper since Practice Book Section 379 makes no provision for it. See Rogers v. Daley Development Co., 3 Conn. L. Rptr. 76 (December 19, 1990, Pickett, J.); Hillery Co. v. Crystall Mall Associates,2 CSCR 324 (February 11, 1987, Koletsky, J.); Crothers v. Cappoziello, 3 Conn. L. Rptr. 341 (March 14, 1991, Hennessey, J.); Espowood v. Springfield Terminal Railway Company,7 Conn. L. Rptr. 147
(Maiocco, J.); Distefano v. Aetna Life Casualty, No. 103276 (January 12, 1993, Sullivan, William, J.); Silvermine Land Investment Corporation, 8 Conn. L. Rptr. 61. But see People's Bank v. BMI Industries, 3 CSCR 450 (April 26, 1988, Hennessey, J.) (motion for summary judgment as to special defense allowed, when pleadings were closed, to challenge legal insufficiency of special defense.)
This court will follow the reasoning of the majority of the superior courts. The motion must be and, hereby is denied.
/s/ McDonald, J. McDONALD